IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RYAN PERRY, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Case No. 1:14-cv-01194 |
| v. | Hon. Robert W. Gettleman |
| CABLE NEWS NETWORK, INC., a Delaware corporation, and CNN INTERACTIVE GROUP, INC., a Delaware corporation, | Magistrate Judge Sheila M. Finnegan |
| *Defendants*. | |

## PARTIES' INITIAL JOINT STATUS REPORT

Plaintiff Ryan Perry, individually and on behalf of a class of similarly situated individuals, and Defendants Cable News Network, Inc., and CNN Interactive Group, Inc. ("Defendants"), by and through their undersigned counsel, hereby submit this Joint Initial Status Report.

    A.    This matter is set for a status hearing before the Court on <u>May 1, 2014 at 9:00 a.m</u>.

    B.    The attorneys of record for this case are:

<u>Plaintiff's Counsel</u>

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
J. Dominick Larry
Courtney C. Booth
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

1

Defendants' Counsel

Clinton Earl Cameron
Danielle Nicole Twait
TROUTMAN SANDERS LLP
55 West Monroe Street, Suite 3000
Chicago, Illinois 60603
Tel: 312.759.1920
Fax: 312.758.1939

Marc J. Zwillinger
ZWILLGEN PLLC
1705 N. Street NW
Washington, DC 20036
Tel: 202.296.3585

Robert F. Huff, Jr.
ZWILLGEN PLLC
300 North LaSalle Street, 49th Floor
Chicago, Illinois 60654
Tel: 312.685.2278

At trial, Plaintiff and the Class will be represented by Rafey S. Balabanian, and Defendants will be represented by Robert F. Huff, Jr and Marc J. Zwillinger.

C.  Plaintiff believes that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). Plaintiff also asserts that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from any Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to the instant action. Defendants dispute that the Court has subject matter jurisdiction over this action because Plaintiff has failed to establish that he has standing. In addition, Defendants have moved to transfer the action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

D.  Plaintiff has requested a trial by jury of all matters that can be so tried.

E.     Plaintiff alleges that he and the putative Class members were users of Defendants' mobile software application ("the CNN App"), and that Defendants disclosed personally identifiable information ("PII")—which "includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider," 18 U.S.C. § 2710(a)(3)—in the form of the unique user identifiers and video clip titles, to third parties. Plaintiff alleges that this conduct was knowing on Defendants' part, and that it occurred without consent, in violation of the VPPA.

Defendants contend that they did not disclose to any third parties plaintiff's or putative class members' "personally identifiable information" as that term is defined by the VPPA because any information disclosed did not identify a person as having obtained or requested any video materials or services. Defendants further contend that any information they did disclose to third parties, even if considered personally identifiable information under the VPPA, would either be allowed under certain enumerated exceptions to the VPPA's limitations on disclosure or would not be considered a disclosure under the statute. *See* 18 U.S.C. § 2710(a)(2). Defendants further contend that neither plaintiff nor any other members of the putative class were injured or damaged by any alleged disclosure of personally identifiable information.

F.     Plaintiff and the putative Class seek statutory damages of $2,500 per Class member, as provided by the VPPA. 18 U.S.C. § 2710. Additionally, Plaintiff, on behalf of himself and the putative Class, seeks injunctive relief as necessary to ensure that Defendants violations of the VPPA do not continue into the future, along with an award of reasonable attorneys' fees and costs.

G.     All parties to this action have been served.

H.     A principle legal issue in this case will be whether the information Defendants

allegedly disclosed to third parties constituted personally identifiable information as that term is defined by the VPPA and, if so, whether any of the VPPA's exceptions allowing disclosure apply. *See* 18 U.S.C. § 2710(a)(2). Another key issue will be whether the proposed Class can be certified under Federal Rule 23. Plaintiff asserts that certification would be proper, while Defendants contend that it would not.

  I. Plaintiff believes that the principle factual issue will be whether Plaintiff's and the Class's information allegedly disclosed by Defendants constitutes PII, as defined by the VPPA. *See* 18 U.S.C. § 2710(a)(3). More specifically, Plaintiff believes that the dispositive question will likely be whether a persistent and unique customer identifier (in this case, the unique MAC address of each putative Class member's iPhone) "identifies a person," under the facts and circumstances of this case. Plaintiff contends that such information, as it is used by Defendants and their third party partners, identifies the specific Class members as having viewed certain videos, and therefore constitutes PII under the VPPA.

  Defendants contend that the information Plaintiff alleges was disclosed to Bango by the CNN iPhone application is not personally identifiable information under the VPPA as a matter of law. Defendants further contend that whether, to what extent, and how Bango (the only "third party partner" identified in the complaint) may have subsequently used the MAC addresses of class members' iPhones allegedly provided to Bango does not affect whether Defendants are in violation of the VPPA. Defendants believe that factual issues in this case will include whether the streaming content provided by the CNN App is prerecorded video cassette tapes or similar audio visual material and whether Plaintiff or any putative class members were aggrieved by Defendants' alleged conduct.

  J. Plaintiff anticipates filing motions for class certification and summary judgment,

4

as well as discovery related motions, as necessary. In addition to the Motion to Transfer or in the Alternative to Dismiss already filed, Defendants anticipate filing a motion for partial summary judgment and/or summary judgment in the matter as well as any necessary discovery related motions. After exchanging proposals, the Parties were unable to agree to a discovery and motion schedule. As such, Plaintiff proposes the following:

| Event | Date |
| --- | --- |
| Deadline to serve R. 26(a)(1) initial disclosures | May 8, 2014 |
| Deadline to amend pleadings/add parties | August 7, 2014 |
| Deadline to file class certification motion | November 14, 2014 |
| Deadline to complete fact discovery (class and merits) | December 19, 2014 |
| Deadline for Plaintiff to serve R. 26(a)(2) disclosures | January 23, 2015 |
| Deadline for Defendants to serve R. 26(a)(2) disclosures | February 23, 2015 |
| Deadline to complete expert discovery (class and merits) | March 27, 2015 |
| Deadline to file dispositive motions | April 24, 2015 |
| Pretrial Conference | TBD |
| Trial to begin | TBD |

For their part, Defendants believe that any further proceedings should be stayed pending a decision on Defendants' Motion to Transfer or in the Alternative to Dismiss, and therefore propose the following schedule:

| Event | Date |
| --- | --- |
| Deadline to serve R. 26(a)(1) initial disclosures | 10 days after ruling on Defendants' Motion to Transfer or in the Alternative Dismiss |
| Fact discovery Commences | 20 days after ruling on Defendants' Motion to Transfer or in the Alternative Dismiss |
| Deadline to amend pleadings/add parties | 45 days after ruling on Defendants' Motion to Transfer or in the Alternative Dismiss |
| Deadline to file class certification motion | 4 months after ruling on Defendants' Motion to Transfer or in the |

5

|  | Alternative Dismiss |
|---|---|
| Deadline to complete fact discovery (class and merits): | 10 months after fact discovery commences |
| Deadline for Plaintiff to serve R. 26(a)(2) disclosures | 1 month after close of fact discovery |
| Deadline for Defendants to serve R. 26(a)(2) disclosures | 6 weeks after Plaintiff's R 26(a)(2) disclosures |
| Deadline to complete expert discovery (class and merits): | 6 weeks after Defendants' R 26(a)(2) disclosures |
| Deadline to oppose class certification motion | 2 weeks after close of expert discovery |
| Deadline to file dispositive motions | 8 weeks after close of expert discovery |
| Pretrial Conference | TBD |
| Trial to begin | TBD |

K.    Plaintiff anticipates that the earliest the case will be ready for trial is August 2015, and Defendants anticipate that the earliest the case will be ready for trial is December 2015. The Parties expect that a trial will require approximately five to ten Court days.

L.    The Parties have not had substantive settlement discussions to date, though they met and conferred (through counsel) regarding their respective views of the claims and defenses at issue, and the factual bases of each. The parties respectfully request that should they determine that settlement discussions are appropriate at any stage, they inform the Court of the same at that time, along with their recommendation(s) regarding the appropriate means for proceeding with such discussions (e.g., by referral to a Magistrate Judge or in private mediation).

M.    The parties respectfully decline to proceed before a Magistrate Judge for trial.

                                                    Respectfully submitted,

                                                    **RYAN PERRY**, individually and on behalf of all others similarly situated,

Dated: April 28, 2014                      By: s/ J. Dominick Larry
                                                              One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Dominick Larry
nlarry@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

                                                  **CABLE NEWS NETWORK, INC.**, and **CNN INTERACTIVE GROUP, INC.**,

Dated: April 28, 2014                      By: s/ Robert F. Huff, Jr.
                                                              One of Defendants' Attorneys

Clinton Earl Cameron
clinton.cameron@troutmansanders.com
Danielle Nicole Twait
danielle.twait@troutmansanders.com
TROUTMAN SANDERS LLP
55 West Monroe Street, Suite 3000
Chicago, Illinois 60603
Tel: 312.759.1920
Fax: 312.758.1939

| | |
|---|---|
| Marc J. Zwillinger | Robert F. Huff, Jr. |
| marc@zwillgen.com | bart@zwillgen.com |
| ZWILLGEN PLLC | ZWILLGEN PLLC |
| 1705 N. Street NW | 300 North LaSalle Street, 49th Floor |
| Washington, DC 20036 | Chicago, Illinois 60654 |
| Tel: 202.296.3585 | Tel: 312.685.2278 |

**SIGNATURE ATTESTATION**

      Pursuant to Section IX(C)(2) of the General Order on Electronic Case Filing, I hereby attest that the content of this document is acceptable to all persons whose signatures are indicated by a conformed signature (s/) within this e-filed document.

                                                   s/ J. Dominick Larry

**CERTIFICATE OF SERVICE**

      I, J. Dominick Larry, an attorney, certify that on April 28, 2014, I served the above and foregoing ***Parties' Joint Interim Status Report***, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                   s/ J. Dominick Larry