IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYAN PERRY, individually and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) | No. 14 C 1194 |
| v. ) ) | Judge Robert W. Gettleman |
| CABLE NEWS NETWORK, INC., a Delaware corporation, and CNN INTERACTIVE GROUP, INC., a Delaware corporation, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ryan Perry, individually and on behalf of others similarly situated, has sued defendants Cable News Network, Inc. and CNN Interactive Group, Inc. (collectively "defendants" or "CNN") alleging that CNN violated the Video Protection Privacy Act, 18 U.S.C. § 2710 ("VPPA"), by disclosing consumers' personally identifying information ("PII") gathered from the CNN mobile application. Defendants have moved to transfer this matter to the Northern District of Georgia under 28 U.S.C. § 1404(a).[1] For the reasons discussed below, the motion to transfer is granted.

## BACKGROUND

CNN is a news organization headquartered in Atlanta, Georgia. It distributes content through television programing and a mobile software application ("app"), among other mediums. At issue in the instant case is CNN's app. Using the app, consumers can access CNN's news content on their iPhones. According to plaintiff, each time a consumer uses the app to view a

---

[1]Defendants initially moved to transfer the case, or in the alternative, dismiss the case. The court ruled that the motion would be treated solely as a motion to transfer.

news story, video clip, or headline, the app creates a log of those activities. When the user closes the app, that log is disclosed to a United Kingdom-based analytics company, Bango PLC ("Bango"), along with a unique media access control address ("MAC address") of that user's phone. Plaintiff alleges that Bango is then able to identify specific individuals and their video-viewing histories. Plaintiff alleges that this practice violates the VPPA section prohibiting companies renting, selling, or delivering video materials from disclosing "personally identifiable information," or "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider" without that consumer's consent. 18 U.S.C. § 2710.

## DISCUSSION

A motion to transfer is governed by 28 U.S.C. § 1404(a), which provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." The court may transfer venue when: "(1) venue is proper in this district; (2) venue [and jurisdiction] are proper in the transferee district; (3) the transferee district is more convenient for both parties and witnesses; and (4) transfer would serve the interest of justice." Spread Spectrum Screening, LLC v. Eastman Kodak Co., 2010 WL 3516106, at *3 (N.D. Ill. 2010) (citing Jaramillo v. DineEquity, Inc., 664 F. Supp. 2d 908, 913 (N.D. Ill. 2009) (internal quotations omitted).

There is no debate that venue is proper in the instant forum. "A civil action may be brought in [] a judicial district in which any defendant resides . . . ." 28 U.S.C. § 1391(b)(1). A corporate defendant shall be deemed to reside "in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. §

1391(c). Defendants conduct business in this district and throughout the state of Illinois. Venue and jurisdiction are also proper in the Northern District of Georgia, where defendants are headquartered.

The court must evaluate whether the proposed transferee district is more convenient for the both parties and witnesses. To determine whether one venue is more convenient than another, the court considers: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. Spread Spectrum, 2010 WL 3516106, at *3. Moreover, "because § 1404(a) does not specify the weight to be accorded each factor, it is left to the descretion [sic] of the court." Heller Financial, Inc. v. Riverdale Auto Parts, Inc., 713 F. Supp. 1125, 1127 (N.D. Ill. 1989).

The first factor, plaintiff's choice of forum, weighs against transfer. A plaintiff's choice of forum is typically accorded substantial weight, especially if it is also plaintiff's home forum. Amorose v. C.H. Robinson Worldwide, Inc., 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007). This weight, however, is discounted in class actions. Blumenthal v. Management Assistance, Inc., 480 F. Supp. 470, 472 (N.D. Ill. 1979) ("[P]laintiff's choice of a forum becomes substantially less important when he sues representatively on behalf of a class ..."). If a nationwide class is certified, less deference is appropriate because any venue is likely to be inconvenient for some plaintiffs. Therefore, plaintiff's choice of forum will be given limited deference.

The second factor, the situs of the material events, is neutral. Defendants argue that the relevant situs is Atlanta because they are headquartered there and many of the decisions material to the action were made in Atlanta. Plaintiff argues that because the allegedly harmful conduct

occurred in Illinois and nationwide, the situs of material events is not Georgia. Plaintiff further argues that the app was developed in Tennessee by Tallent Communication, Inc. (a/k/a "Mercury Intermedia"), and that Bango's servers are located in London, England, and Dallas, Texas. Because there are so many locations relevant to material events, plaintiff argues that Atlanta is not more central to the events than other locales, and therefore this factor should not weigh in favor of transfer.

The situs of material events depends both on the conduct of the defendants and on those who feel the effects of that conduct. Sojka v. DirectBuy, Inc., 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014); Digan v. Euro-Am. Brands, LLC, 2010 WL 3385476, at *5 (N.D. Ill. Aug. 9, 2010). However, when a plaintiff purports to represent a class that was affected by defendant's conduct nationwide, the significance of the situs in plaintiff's chosen forum is diluted. Lafleur v. Dollar Tree Stores, Inc., 2012 WL 2280090, at *4 (N.D. Ill. June 18, 2012); see also Georgouses v. NaTec Resources, Inc., 963 F. Supp. 728, 730-1 (N.D. Ill. 1997). Because the situs of events occurred nationwide for plaintiffs and in Georgia for defendants, the situs of events is not concentrated in one venue. Thus, the situs of material events factor is neutral.

The third factor, ease of access to sources of proof, weighs slightly in favor of transfer. The court typically considers both testimonial and non-testimonial sources of proof. However, if neither party argues that non-testimonial sources of proof are difficult to transport, then access to such sources of proof is a neutral factor. Jewel Am., Inc. v. Combine Int'l, Inc., 2007 WL 4300589, at *3 (N.D. Ill. Nov. 30, 2007) ("In this age of faxing, scanning and overnight courier services . . . the location of documentary evidence is largely irrelevant."); Sojka, 2014 WL 1089072, at *3 (noting the ease of transporting relevant documents electronically or by other

means). Plaintiff argues that defendants will be able to produce most of the documentary evidence electronically, thus easing the burden of any document production, and the court agrees with plaintiff that non-testimonial evidence is easily transportable and therefore a neutral factor.

Defendants argue that its employee-witnesses who will offer testimonial evidence and other sources of proof are located in Atlanta. Plaintiff counters that material sources of proof and individuals who will provide testimonial evidence are located in Tennessee, England, and Texas. Because defendants' employees whose conduct and decisions are material to the issues of the case are located in Georgia, ease of access to testimonial evidence would be better achieved by transferring the case to Georgia. Thus, even though non-testimonial evidence would not be difficult to transport, ease of access to testimonial evidence supports transfer.

The fourth factor, the convenience of the parties, weighs slightly in favor of plaintiff. Defendants argue that the Northern District of Georgia is more convenient because defendants will provide the majority of discovery, much of which is located in Georgia, and a nearly identical suit is already pending in the Northern District of Georgia. Plaintiff counters that the convenience to the parties does not weigh in favor of transfer because both defendants and plaintiff argue for the venue in which they reside. Plaintiff further argues that defendants have not shown they would be unable to bear litigation costs in the current venue, and because plaintiff is an individual, he would be less able to absorb inconvenient expenses.

Respective residences and the ability to bear the costs of litigation in a particular forum are considerations in determining convenience of the parties. Sojka, 2014 WL 1089072, *3; Brandon Apparel Grp., Inc. v. Quitman Mfg. Co. Inc., 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999). But "[a] court will not grant a motion to transfer if it will merely shift the inconvenience from

one party to another." Medi USA v. Jobst Institute, Inc., 791 F. Supp. 208, 211 (N.D. Ill. 1992). Both plaintiff and defendants reside in districts that they claim are more convenient. Yet, the disruption to work and the burden of additional expenses, including travel, is far more troublesome for an individual plaintiff than for defendants' large company. See SRAM Corp. v. SunRace Roots Enter. Co., Ltd., 953 F. Supp. 257, 260 (N.D. Ill. 1999). Accordingly, the convenience of the parties weighs slightly against transfer.

  The final factor, the convenience of witnesses, weighs slightly in favor of defendants. The convenience of witnesses depends on the number of witnesses in each forum, the nature and importance of the witnesses' testimony, expenses for each witness to travel and be absent from his or her job, and "whether the witnesses can be compelled to testify." Event News Network, Inc. v. Thill, 2005 WL 2978711, at *5 (N.D. Ill. Nov. 2, 2005). Further, the convenience of non-party witnesses outweighs the convenience of party witnesses, including employees or paid experts, because the latter typically appear voluntarily. Jaramillo, 664 F. Supp. 2d at 915; Digan, 2010 WL 3385476, at *5.

  Defendants argue that all but one witness that defendants expect to testify for CNN work in Georgia, and no witnesses for defendants work in Illinois. Defendants further contend that third-party witnesses from Bango and Mercury Intermedia are not located in Illinois, and in fact, the Northern District of Georgia would be more convenient at least for Mercury Intermedia, which is located in Tennessee. Plaintiff argues that the inconvenience of defendants' employees should not factor heavily in this analysis and the burden on non-party witnesses should be the focus. Because all of the non-party witnesses are located outside Georgia, plaintiff argues that the inconvenience to non-party witnesses would remain the same if transfer occurred.

Here, the non- party witnesses from Mercury Intermedia and Bango allegedly reside or are located in neither Illinois nor Georgia. Bango is located in London, England, and Bango witnesses live in the U.K. and New York. The difference in travel time from England or New York to either Chicago or Atlanta is negligible. Mercury is located in Tennessee, which is significantly closer to Georgia than Illinois. Nevertheless, witnesses from both entities would be outside the power of the court's subpoena in Georgia or Illinois. Although some third party witnesses are located closer to Georgia, they would still need to travel to either venue, and thus the convenience of third party witnesses weighs only slightly in favor of transfer.

Additionally, although defendants' witnesses are essential to the case, and these witnesses would be inconvenienced to travel to Illinois, defendants are large corporations and have the ability to bear the expenses of arranging for their employees to travel. See Digan, 2010 WL 3385476, at *5 ("Defendant's concern regarding the convenience to its witnesses is really a matter of convenience to *Defendant*."). Thus, because defendants' witnesses would not be greatly inconvenienced, the convenience to party witnesses factor does not weigh in favor of transfer.

Transfer must also be in the interest of justice. 28 U.S.C. § 1404(a). The likelihood of a speedy trial, possibility of consolidation, and the court's familiarity with particular law are all factors that this court considers when evaluating whether transfer is in the interests of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986). Additionally, the relationship of the community to the litigation and the desirability of resolving disputes in its location are other factors that determine the interest of justice. Spread Spectrum, 2010 WL 3516106 at *5.

Defendants first argue that transfer is in the interest of justice because a nearly identical suit filed by the same lawyers representing plaintiff in the instant case, a class action suit against Cartoon Network,[2] is pending in the Northern District of Georgia, and transfer would prevent the risk of inconsistent judgments. Indeed, the complaint in the Cartoon Network case contains many of the same allegations in as the complaint in the instant case, including the involvement of Bango with the Cartoon Network app. Plaintiffs counter that the pending action in Georgia is not related because it involves different plaintiffs, defendants, putative classes, third party witnesses, sources of proof, party witnesses, and underlying claims.

The existence of related litigation in the proposed transferee forum is a significant factor in favor of transfer. Keppen v. Burlington N. R. Co., 749 F. Supp. 181, 184 (N.D. Ill. 1990). "Cases should be transferred to districts where related actions are pending." Waites v. First Energy Leasing Corp., 605 F. Supp. 219, 223 (N.D. Ill. 1985). The cases need not be identical, but instead must have common questions of law and fact. Countryman on Behalf of Upstate New York Pension & Ret. Fund v. Stein Roe & Farnham, 681 F. Supp. 479, 484 (N.D. Ill. 1987); Blumenthal v. Mgmt. Assistances, Inc., 480 F. Supp. 470, 474 (N.D. Ill. 1979). Further, transfer is preferred if it would prevent duplication of discovery, unnecessary expenses for the court and parties, and the waste of judicial resources. Waller v. Burlington National R. Co., 650 F. Supp. 988, 991 (N.D. Ill. 1987); see also Waites, 605 F. Supp. at 223.

The pending Cartoon Network suit contains overlapping questions of law and fact, and would create duplication of discovery. Although these cases involve different classes and

---

[2] The court notes that defendants and Cartoon Network are subsidiaries of the same parent company.

8

different defendants, they involve similar legal and factual questions, evidenced by the nearly verbatim allegations in the complaints. Further, both suits contain allegations relating to similar technology. See Abbott Laboratories v. Selfcare, Inc., 1999 WL 162805, at *2 (N.D. Ill. March 15, 1999) (noting that the related actions pending in different courts involved substantially similar technology). If transfer did not occur, two courts would spend limited resources educating themselves about similar technologies. See id. ("Requiring two courts to devote limited resources educating themselves about the same underlying technology would undermine values of judicial economy."). Finally, duplication of discovery would likely occur, relating to the third-party Bango's use of cellphone records. Because transfer would prevent duplication of discovery, save limited judicial resources, and allow one court, instead of two, to address similar factual and legal questions, and learn about similar technology, defendants have shown that transfer is in the interest of justice.

Defendants finally argue that Georgia has a stronger interest in the instant case because CNN headquarters is located in Georgia, and CNN makes all pertinent decisions in Georgia. Plaintiffs counter that Georgia is not the only state with an interest in this suit because the conduct of defendants affected class members nationwide, including in Illinois. Defendants are Georgia corporations, and the decisions and actions made by defendants to allegedly violate the VPAA and harm plaintiffs occurred mainly in Georgia. While at least one plaintiff felt the effects of the alleged harm in Illinois, this occurrence is the only specific connection plaintiff alleges that occurred in Illinois. Because the alleged claims involve decisions in Georgia, and

the defendants' principle place of business is in Georgia, defendants have shown that this factor favors transfer.[3]

Although many of the private factors are neutral or only slightly in favor of defendants' motion, the public factors weigh heavily in favor of transfer. Thus, the court concludes that defendants have shown that transfer is appropriate. Because Georgia courts have a greater interest in determining this case, a similar case is pending in Georgia, and some non-party witnesses reside closer to Georgia, transfer is appropriate.

## CONCLUSION

For the foregoing reasons, the court grants the motion to transfer to the Northern District of Georgia.

**ENTER:** **August 25, 2014**

_____
**Robert W. Gettleman**
**United States District Judge**

---

[3] Defendants also argue that applicable federal law is a neutral factor in consideration of transfer. Plaintiffs counter that Illinois courts are more familiar with the applicable VPAA law. Because plaintiffs are proceeding under a federal statute, and judges of federal district courts are equally capable of handling federal law, this factor is neutral. See Lewis v. Grote Industries, Inc., 841 F. Supp. 2d 1049, 1055 (N.D. Ill. 2012); Bonnevier, 2014 WL 537520, at *4.